IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RINGO RECTO LABRADOR,** : | CIVIL ACTION NO. 1:24-CV-1052 |
| : | |
| **Plaintiff** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **ALLENWOOD LSCI,** *et al.*, : | |
| : | |
| **Defendants** : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Plaintiff, Ringo Recto Labrador, alleges various civil rights violations by officials employed at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood").  We have screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and will dismiss it for failure to state a claim upon which relief may be granted.

**I.    Factual Background & Procedural History**

Labrador filed this case on June 18, 2024, and the court received and docketed his complaint on June 27, 2024.  (Doc. 1).  His complaint alleges the following facts:

> On May 8, 2024 I was having a medical emergency as I am diagnosed with diabetes as well as unstable blood and liver functions.  An officer seen me in this emergency state and accused me of being high.  I was given a Breathalyzer and urine test that were negative.  I've actually been tested 12 times within 60 days which is excessive.  Lt. Fry, Counselor Gallozo and PA Stoltz have lied on paperwork, placed me in disciplinary segregation and sanctions.  On May 10, 2024 PA Stoltz told me my labs were still unstable and changed my medication.  They still are not working correctly.  This facility is violating my 8th and 14th Amendments by not offering adequate medical care, cruel and unusual

punishment by taking my eyeglasses and my dentures so I can't see, read or eat normally.  This place is also denying administrative remedy forms they are retaliating more and more.  They are violating the anti-retaliation provisions of title 42 U.S.C. § 2000e-3 and 42 U.S.C. § 1983.  I'm even being denied recreation and law library.

(Id. at 4).  Labrador seeks monetary and injunctive relief for the alleged violations of his civil rights.  (Id. at 5).  He names as defendants Allenwood LSCI, Fry, Gallozo, Stoltz, and the warden of the prison, Greene.  (Id. at 2-3).

## II.     Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III. Discussion

We will dismiss Labrador's complaint for failure to state a claim upon which relief may be granted.  We construe the complaint to assert a claim that defendants Fry, Gallozo, and Stoltz violated Labrador's civil rights by falsifying misconduct charges against him, but the only allegation of wrongdoing by these defendants is that they "lied on paperwork."  (Doc. 1 at 4).  This conclusory and unsupported assertion is not sufficient to state a claim upon which relief may be granted.

We also liberally construe the complaint as asserting a claim against Stoltz for deliberate indifference to a serious medical need.  This claim fails.  The allegation that Stoltz "changed" Labrador's medication and that the medication is "still . . . not working correctly" amounts to nothing more than a disagreement as to the proper medical treatment, which is not sufficient to state a deliberate indifference claim upon which relief may be granted.  Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

The remainder of Labrador's complaint fails to allege the personal involvement of any defendants.  To state a Bivens claim upon which relief may be

---

> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> **(2)** seeks monetary relief from a defendant who is immune from such relief.

granted, plaintiffs must allege that defendants were personally involved in the alleged civil rights violations. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). The complaint alleges excessive drug testing, deprivation of eyeglasses and dentures, denial of administrative remedy forms and envelopes, and denial of recreation and library time, but does not state which defendants are responsible for these alleged conditions of Labrador's confinement. To the extent Labrador intends to hold LSCI-Allenwood and Greene liable on a theory of *respondeat superior* for the actions of their subordinates, this claim fails. Bivens liability may not be based solely on a theory of *respondeat superior*. Id.

Finally, any Bivens claims against LSCI-Allenwood fail as a matter of law. Federal agencies may not be sued under Bivens. FDIC v. Meyers, 510 U.S. 471, 485-86 (1994).

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008). We will deny leave to amend as futile with respect to the claims against LSCI-Allenwood because those claims fail as a matter of law, but we will grant leave to amend as to Labrador's claims against the individual defendants.[3]

---

[3] We additionally note that Labrador's claims may be barred as an impermissible extension of the Bivens remedy, see, e.g., Egbert v. Boule, 596 U.S. 482 (2022); Hernandez v. Mesa, 589 U.S. 93 (2020); Ziglar v. Abbasi, 582 U.S. 120 (2017), but we cannot conclude that this is the case at this stage given the sparse factual allegations in Labrador's complaint.

**IV.     Conclusion**

  We will dismiss the complaint and grant Labrador leave to file an amended complaint with respect to his claims against all defendants other than LSCI-Allenwood.  An appropriate order shall issue.

              /S/ CHRISTOPHER C. CONNER
              Christopher C. Conner
              United States District Judge
              Middle District of Pennsylvania

Dated:     July 31, 2024